IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DION STRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 99-118-GPM |
| | ) |
| ROBERT KOEHLER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on a Bill of Costs submitted by Defendants Robert Koehler, Ron McGill, Richard McVicar, Nelson Collier, Mike Hendrix, and Dwayne Ross. Plaintiff asks that the Court stay consideration of Defendants' Bill of Costs pending resolution of his appeal.

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, "[e]xcept when express provision therefor is made either in a statute … or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Local Rule of the United States District Court for the Southern District of Illinois 54.2 further governs the taxation of costs in this District.

Federal Rule of Civil Procedure 54(d) establishes a presumption that the prevailing party is entitled to costs. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). The Seventh Circuit Court of Appeals has stated that in light of this presumption, the district court's discretion is "narrowly confined." *See Congregation of the Passion, Holy Cross Province v. Touche, Ross &*

*Co.*, 854 F.2d 219, 221-22 (7th Cir. 1988).  In general, "only misconduct by the prevailing party worthy of a penalty … or the losing party's inability to pay will suffice to justify denying costs." *Id.* at 222; *see also Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997).

The term "costs" as it is used in Rule 54(d) is defined in 28 U.S.C. § 1920, and courts are allowed to interpret the meaning of the phrases used in that section.  *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998).  Under § 1920, a federal court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.  After a district court determines that the requested costs are statutorily recoverable under § 1920, the court must then determine whether such costs were both reasonable and necessary.  *Cengr*, 135 F.3d at 454.  The proper inquiry is whether a particular cost was "reasonably necessary" to the case at the time it was incurred, not whether it resulted in use in a motion or during trial.  *Id.* at 455.

Plaintiff states that a stay "would prevent the expenditure of unnecessary resources adjudicating the Bill of Costs, and it would avoid a potentially unnecessary hardship to Dion Strong and his family in the event the appeal is resolved in his favor" (Doc. 177).  He does not, however, claim that he is actually indigent and unable to pay the costs sought.  *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994).  Should Plaintiff be successful on appeal, he may recover costs there. Moreover, Defendants state that they "will not seek to enforce any award of costs in their favor until

the Seventh Circuit issues its mandate in this case" (Doc. 181, ¶ 9).  Plaintiff's motion to stay consideration of Defendants' Bill of Costs (Doc. 177) is **DENIED**.

It is clear that the court reporter and transcript fees sought by Defendants are recoverable costs under § 1920, and Plaintiff does not contest that they were reasonably necessary to Defendants' case at the time they were incurred.  Accordingly, Defendants' Bill of Costs (Doc. 174) is **GRANTED**.  Costs in the amount of **$1,629.98** are taxed in favor of Defendants Robert Koehler, Ron McGill, Richard McVicar, Nelson Collier, Mike Hendrix, and Dwayne Ross and against Plaintiff.

**IT IS SO ORDERED.**

DATED:  10/25/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
